IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 2 2 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
              DEPUTY CLERK

| | |
|---|---|
| DOUGLAS ALAN LITTLE, and<br>LITTLE, ROBERTS & CO., P.C.,<br>Individually and on Behalf of<br>Others Similarly Situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>KPMG LLP, FRANKLIN W. MARESH,<br>DAVID J. KIRKPATRICK, ROBERT<br>W. LAMBERT, JERRY WAYNE<br>CLAIBORNE, JAMES TERRY<br>STRANGE, JR., JACK TURNER<br>TAYLOR, JR., RICHARD E.<br>SEXTON, SARA LOU BROWN, and<br>LARRY EVANS,<br><br>   Defendants. | CIVIL ACTION NO. SA-07-CA-621-FB |

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

Before the Court are Defendants' Motion to Dismiss (docket nos. 8 & 10) under FED. R. CIV. P. 12(b) and 9(b) and the response, reply and sur-reply filed by the parties. After careful consideration of the motion and related filings, the pleadings on file and the entire record in this matter, the Court is of the opinion the motion should be granted and the claims against defendants should be dismissed under FED. R. CIV. P. 12(b)(1) for lack of standing due to the speculative nature of plaintiffs' alleged injury or, alternatively, under FED. R. CIV. P. 12(b)(6) for failure to state a claim for non-speculative and non-conjectural damages upon which relief can be granted.

This competitor-based putative class action lawsuit is grounded on the fact that the late John Hudson, a New York-licensed certified public accountant, practiced public accountancy from January 1, 1984, until January 1, 1999, as a partner officed in KPMG's Houston office without obtaining a

reciprocal Texas CPA license from the Texas State Board of Public Accountancy ("the Board").[1] Plaintiff Little, an El Paso accountant, and the other class members seek lost profits they allegedly lost based on their allegations that Mr. Hudson engaged in the fraudulent and unauthorized practice of accountancy because he lacked a reciprocal Texas license in addition to his New York license. Plaintiffs argue if the Board had known Mr. Hudson failed to obtain a Texas license, it would have revoked KPMG's Texas license, thereby forcing KPMG to close its doors in Texas for fifteen years, and causing KPMG's former clients to hire the individuals bringing this lawsuit to perform accounting services, which would have, in turn, generated profits to Mr. Little and the other class members.

Defendants move to dismiss the complaint under three theories:

* This Court lacks subject matter jurisdiction under FED. R. CIV. P. 12(b)(1);

* Plaintiffs have failed to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6);

* Plaintiffs have failed to comply with FED. R. CIV. P. 9(b) by failing to plead fraud with particularity.

Plaintiffs contend defendants' motion should be denied in its entirety. Specifically, they argue this Court has subject matter jurisdiction over their claims, they have stated claims upon which relief can be granted and they have pleaded their fraud claim with sufficient particularity.

## I. Rule 12(b)(1) Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject matter jurisdiction. Such a challenge may be made in two ways: A "facial" attack and a "factual" attack. Elixir Shipping, Ltd. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,

---

[1] KPMG clients filed a related class action lawsuit against these same defendants. That case, which is also pending on this Court's docket, is styled Desert Eagle Distributing of El Paso, Inc., et al. v. KPMG LLP, et al., SA-07-CA-108-FB.

267 F. Supp. 2d 659, 661 (S.D. Tex. 2003). "A facial attack, which consists of a rule 12(b)(1) motion not accompanied by supporting evidence, challenges a court's jurisdiction based solely on the pleadings." Id. (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)). "When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the Court's jurisdiction is a factual attack." Id. (citing Paterson, 644 F.2d at 523). Because defendants have not submitted supporting evidence with the motion, their challenge to the Court's jurisdiction is facial.

## II. Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim is disfavored and rarely granted. Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983). Two principles guide the review of a complaint sought to be dismissed. First, all well-pleaded facts in the complaint must be accepted as true, and "the complaint is to be liberally construed in favor of the plaintiff." Id. Second, the complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id.

In order for a plaintiff to avoid dismissal for failure to state a claim, he or she must plead "specific facts not mere conclusory allegations." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992) (quoting Elliott v. Foufas, 867 F.2d 877, 881 (5th Cir. 1989)). Conclusory allegations as well as unwarranted deductions of fact are not admitted as true for purposes of a motion to dismiss. Id. (quoting Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). The question to be resolved in determining a rule 12(b)(6) motion "is whether in light most favorable to the

plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) (quotation omitted).

Rule 12(b)(6) allows a court to eliminate actions which are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burden of unnecessary pretrial and trial activity. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999) (discussing differences between rule 12(b)(6) motions to dismiss and rule 56 motions for summary judgment), cert. denied, 530 US 1229 (2000). In ruling on this type of a motion to dismiss, a court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference and matters of which judicial notice may be taken. Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996). If a complaint omits facts concerning a pivotal element of a plaintiff's claim, a court is justified in presuming the non-existence of those facts. Ledesma v. Dillard Dept. Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

### III.  Rule 9(b) Standard of Review

Rule 9(b) of the Federal Rules of Civil Procedure requires that, "in alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." The United States Court of Appeals for the Fifth Circuit has made it clear a fraud cause of action must be pleaded with specific factual allegations in order for this claim to be in compliance with rule 9(b). Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir.), cert. denied, 522 U.S. 966 (1997). Specifically, "[p]leading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." Id. (quoting Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (emphasis in original)).

4

Silence can constitute a false representation under Texas law. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 435 (Tex. 1986). The Texas Supreme Court has held that "[w]hen the particular circumstances impose on a person a duty to speak and he deliberately remains silent, his silence is equivalent to a false representation." Id. (citing Smith v. National Resort Communities, Inc., 585 S.W.2d 655, 658 (Tex. 1979)). However, the fact the alleged misrepresentation took the form of a fraudulent omission does not excuse a plaintiff from the specificity requirements of rule 9(b). See Williams, 112 F.3d at 177 (holding FED. R. CIV. P. 9(b) applies to fraud cases).

### IV. Defendants' 12(b)(1) Arguments

For purposes of the rule 12(b)(1), defendants assert that the Board has exclusive jurisdiction over issues related to the licensure status of certified public accountants in Texas. Because the issues in this case are directly related to the licensure of KPMG as a public accounting firm in Texas, defendants argue this Court does not have subject matter jurisdiction over the parties' dispute.

While the TPAA does not specifically provide exclusive original jurisdiction to the Board in licensure matters, it cannot reasonably be argued the Board does not have exclusive original jurisdiction over these issues because the Texas legislature granted to the Board the authority to determine whether an individual or firm should be licensed in Texas, the power to discipline license holders, and the power to revoke licenses where necessary. TEX. OCC. CODE ANN. §§ 901.151, 901.501 (Vernon 2004). Plaintiffs contend, however, their claims are not based on the granting of licenses to KPMG, but rather KPMG's representations that it was, in fact, properly licensed. Plaintiffs' claims are based on constructive fraud, conspiracy to commit constructive fraud, tortious interference with prospective contractual relations, the federal Lanham Act for the false designation of services and false advertising and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") against the individual

defendants, against KPMG as a conspiracy, and against all defendants in the alternative. All of these are common law or statutory claims which do not invoke the TPAA. Moreover, nothing in the TPAA implies the Board has exclusive jurisdiction over common law and statutory claims against its licensees. The argument this Court does not have subject matter jurisdiction because of the admitted jurisdiction of the Board over licensure issues is, therefore, without merit. To hold otherwise would immunize certified public accountants in Texas from common law and statutory claims unless such actions were first taken before the Board, which does not have jurisdiction to hear such cases.[2]

The heart of defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is that plaintiffs' injury "is far too speculative to confer standing under Article III." Courts should reject, at the motion to dismiss stage, a complaint which does not "possess enough heft to sho[w] that the pleader is entitled to relief," or which is not "plausible on its face." See Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1966, 1974 (2007) (dismissing complaint because plaintiffs had not "nudged their claims across the line from conceivable to plausible.") (internal quotation omitted). To meet the standing requirements of Article III, "a plaintiff must allege personal injury fairly traceable to the defendants' allegedly unlawful conduct . . . ." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 751, 751 (1984)). Alleged injuries which are speculative, or which depend on attenuated chains of causation, are insufficient to confer standing. DaimlerChrysler Corp v. Cuno, 126 S. Ct. 1854, 1862, 1864 (2006); Allen v. Wright, 468 U.S. 737, 752 (1984); Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 45 (1976). In particular, alleged injuries which depend on third-parties' decisions are too speculative to confer standing. See DaimlerChrysler Corp., 126 S. Ct. at 1862-63 (holding that plaintiffs' alleged injury was "conjectural or hypothetical" because it depended

---

[2] This argument was also made and rejected in the related case brought on behalf of KPMG's clients.

"on how [third-parties] respond."); Allen, 468 U.S. at 758 (finding that "[t]he line of causation between . . . conduct [and alleged injury] is attenuated at best . . . and results from the independent action of some third-party not before the court.") (internal quotation omitted). Plaintiffs' alleged injury depends on an unattenuated chain of causation which speculates as to uncertain, independent decisions of third-parties, namely the Board, possibly the court, and KPMG clients. Their claim for lost profits is, therefore, too speculative to confer standing.

The basis of plaintiffs' argument is that KPMG was not a "properly licensed" accounting firm. However, it is not disputed that KPMG was, in fact, a firm licensed to practice public accountancy in Texas by the Board. Plaintiffs state, rather, that KPMG held its licenses "subject to mandatory revocation at any time." Opposition to Defendants' Motion to Dismiss, docket no. 15, p. 6. This is, at best, an incorrect understanding of the mechanics of the license revocation process under the TPAA. If an action had been brought before the Board to reconsider KPMG's license based on the facts asserted in the present complaint, plaintiffs suggest to this Court that the Board would have had no choice other than to simply revoke the license. The TPAA provides, however, the Board shall revoke a firm license for failure to meet each necessary qualifications only after notice and a hearing. TEX. OCC. CODE ANN. § 901.504 (Vernon 2004). Defendants correctly assert the conclusion the Board would have revoked KPMG's license had it been given the opportunity is merely conjecture on plaintiffs' part. See Defendants' Motion to Dismiss, docket no. 8, p. 6 (stating that KPMG would have taken advantage of available steps to cure lack of licensure, including submission of proper paperwork, before Board); Defendants' Reply in Support of Their Motion to Dismiss, docket no. 17, p. 4 (noting plaintiffs' "complaint does not allege that [Mr.] Hudson could not have obtained a license, nor does it allege any reason this administrative task would not have been completed."). Also, had KPMG's license been

revoked, the firm would have had the right to seek judicial review in a Texas state court. TEX. GOV'T CODE ANN. §§ 2001.174, 2001.176 (Vernon 2004).[3]

Based on these facts, the Court must conclude that KPMG was a licensed accounting firm, regardless of plaintiffs' opinion that the firm was not "properly licensed." Therefore, any injury must be found in the determinations that KPMG would have lost its Texas licensure by decision of the Board and possibly the court, closed its six Texas offices, remained shuttered for fifteen years, and that KPMG's clients would have heard of plaintiff Little and other putative class members, decided to hire them, and paid for their services thereby earning them profits. These alleged injuries are based on conjecture, depend on attenuated chains of causation, and rest on the decisions of the Board, possibly the court, and KPMG's clients, third-parties to this dispute. Accordingly, given the speculative nature of these circumstances, plaintiffs do not have standing under to pursue common law and statutory claims against defendants. Defendants' argument for dismissal for lack of Article III subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) shall therefore be granted.

## V. Defendants' Alternative 12(b)(6) Arguments

In support of their argument against dismissal under rule 12(b)(1), plaintiffs argue this Court must assume jurisdiction and proceed to decide defendants' 12(b)(6) motion because "issues of fact are central to both subject matter jurisdiction and the claim on the merits." Opposition to Defendants' Motion to Dismiss, docket no. 15, p. 8-9 (citing United States v. One 1998 Mercury Sable, 122 Fed. App. 760, 763 (5th Cir. 2004); Montez v. Department of Navy, 392 F.3d 147, 150 (5th Cir. 2004)). To give plaintiffs their full day in court, and out of an abundance of caution, the motion to dismiss shall be considered in the alternative.

---

[3] This argument was similarly made and rejected in the related case brought on behalf of KPMG's clients.

In the event plaintiffs have standing, defendants urge this Court to dismiss the complaints under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Disposition of this motion does not necessitate an analysis of each of the arguments made by defendants. As discussed below, the Court is of the opinion the arguments can be resolved solely on the nature of the claims alleged and the damages aspect of this case.

Texas and federal law require plaintiffs to demonstrate non-speculative damages to pursue a claim. Damages which are conjectural will not survive a motion to dismiss. See Reardon v. LightPath Techs., Inc., 183 S.W.3d 429, 442 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (determining that "[t]here can be no recovery for damages that are speculative or conjectural" under Texas law); In re Taxable Mun. Bond Sec. Litig., 51 F.3d 518, 523 (5th Cir. 1995); (holding that "speculative damages are not compensable under RICO"); Brother Records, Inc. v. Jardine, 318 F.3d 900, 910 (9th Cir. 2003) (finding that speculative damages are not sufficient to state claim under Lanham Act). Claims for lost profits–like plaintiffs–"must be shown with reasonable certainty." Fleming Manuf. Co. v. Capitol Brick, Inc., 734 S.W.2d 405, 407 (Tex. App.–Austin 1987, writ ref'd n.r.e.). Plaintiffs assert their "concrete, non-speculative injury" consists of the lost profits they would have received had the Board known that one of KPMG's partners did not have a Texas-issued reciprocal license. However, as discussed above, these damages are speculative and conjectural because they depend on the occurrence of the following abstract events:

1. The Board would have decided to revoke KPMG's Texas license;

2. The Board would have rejected any attempt by KPMG or Mr. Hudson, using the proper paperwork, to cure his lack of a reciprocal licensure in Texas;

3. The proper court would have denied any appeal from the Board's decision;

9

4. KPMG would have been out of business in Texas for fifteen years;

5. With KPMG out of business, some unspecified KPMG clients would have evaluated plaintiff Little and other class members and determined they had the expertise, staff, and resources to meet their accounting needs;

6. Those KPMG clients would have decided to hire plaintiff Little and the other class members;

7. These clients would have paid their bills and plaintiff Little and the other class members would have earned profits.

Accordingly, plaintiffs have failed to state a claim for an injury upon which relief can be granted. Defendants' argument for dismissal under Fed. R. Civ. P. 12(b)(6) shall be therefore granted on this ground.

## VI.  Defendants' 9(b) Motion to Dismiss

Though not necessary to be considered in light of the determinative nature of defendants' 12(b)(1) and 12(b)(6) arguments, defendants' rule 9(b) argument for dismissal (on page ten) for lack of particularity in plaintiffs' fraud allegations fails. The complaint provide at least two lengthy paragraphs detailing specific allegations of fraud. While Fifth Circuit precedent regarding FED. R. CIV. P. 9(b) requires "particulars of time, place and contents," Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992), the Fifth Circuit has also agreed with other Circuits that "[t]he requirement of particularity does not abrogate Rule 8, and it should be harmonized with the general directives . . . of Rule 8 that the pleading should contain a 'short and plain' statement of the claim or defense and with each averment should be 'simple, concise and direct.' Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." Landry v. Air Line Pilots Ass'n Int'l, AFL-CIO, 901 F.2d 404, 430 n.92 (5th Cir.) (citations and internal quotations omitted), cert. denied, 498 U.S. 895 (1990). Where, as here, the number of occasions in which a defendant is alleged to have

committed fraud are "numerous, pervasive, and continuing," <u>Plaintiffs' Second Amended Complaint</u>, p. 15, over the course of fifteen years, the standard which defendants invoke is overly onerous considering plaintiffs' ninety-one page complaint. Accordingly, the Court concludes plaintiffs' allegations have been pleaded with enough particularity to put defendants on notice of the substance of plaintiffs' fraud claims. Accordingly, the Court finds the combined public policy of rules 8(a) and 9(b) has been satisfied. Defendants' motion to dismiss under FED. R. CIV. P. 9(b) is therefore denied.

### VII. Conclusion

Because the Board does not have exclusive subject matter jurisdiction over this matter, and because plaintiffs' injury is too speculative to confer standing under Article III, defendants' argument to dismiss under rule 12(b)(1) of the Federal Rules of Civil Procedure shall be granted in part and denied in part. Alternatively, because plaintiffs' alleged injury is based on speculation and conjecture, plaintiffs have failed to state a claim upon which relief can be granted. Defendants' argument for dismissal under FED. R. CIV. P. 12(b) shall therefore be granted and plaintiffs' claims against defendants shall be dismissed. Finally, because the complaints contain allegations sufficient to put defendants on notice claims against them, and in furtherance of harmony between Federal Rules of Civil Procedure 8(a) and 9(b), plaintiffs' have properly pleaded their claims of fraud. Defendants' argument for dismissal under rule 9(b) is thus denied.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (docket no. 8) is GRANTED to the extent that plaintiffs' claims against defendants are DISMISSED under rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing due to the speculative nature of plaintiffs' alleged injury or, alternatively, under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for non-speculative and non-conjectural injuries upon which relief can be granted.

Defendant Maresh's motion to dismiss (docket no. 10), which joins in and adopts the arguments made by the other defendants, is similarly GRANTED as forth above.

IT IS FINALLY ORDERED that the above-styled and numbered cause is DISMISSED. Motions pending with the Court, if any, are Dismissed as Moot.

It is so ORDERED.

SIGNED this 22<sup>of</sup> day of January, 2008.

FRED BIERY
UNITED STATES DISTRICT JUDGE